Filed 4/21/16  P. v. Alexander CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KENDOL JOHN ALEXANDER,<br><br>    Defendant and Appellant. | D067307<br><br><br><br>(Super. Ct. No. SCD252994) |

APPEAL from a judgment of the Superior Court of San Diego County, Michael T. Smyth, Judge.  Affirmed.

Lindsey M. Ball, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

Kendol John Alexander appeals a judgment following his guilty plea to one count of robbery (Pen. Code, § 211)[1] and one count of attempted robbery (§§ 664, 211). On appeal, he contends the trial court violated his constitutional right to assistance of counsel when it denied his motion to withdraw his plea at the same hearing during which it considered, and denied, his *Marsden*[2] motion for new counsel. Alexander argues that because the trial court also found he was not competent to represent himself, it was required to appoint substitute counsel to represent him during the hearing on his motion to withdraw his plea and instead improperly allowed him to represent himself.

FACTUAL AND PROCEDURAL BACKGROUND

In December 2013, Alexander and another male entered a hair salon and robbed two women at gunpoint, taking property from one and nothing from the other. An information charged Alexander with one count of robbery (§ 211) and one count of attempted robbery (§§ 664, 211), and alleged he had one prison prior (§§ 667.5, subd. (b), 668), one serious felony prior (§§ 667, subd. (a)(1), 668, 1192.7, subd. (c)), and one prior strike conviction (§§ 667, subds. (b)-(i), 668, 1170.12).

Alexander pleaded guilty to the two counts and admitted the truth of the prior prison, serious felony and strike allegations. At the time of his sentencing hearing, he made a *Marsden* motion, moving to withdraw his plea and to represent himself. The trial court denied those motions and then sentenced him to nine years in prison. He timely

---

[1]     All statutory references are to the Penal Code.

[2]     *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

filed a notice of appeal and the court granted his request for a certificate of probable cause.

DISCUSSION

I

*Constitutional Right to Counsel and* Marsden *Motions Generally*

A criminal defendant has the right to assistance of counsel in his or her defense. (U.S. Const., 6th & 14th Amends.; Cal. Const., art. I, § 15; *King v. Superior Court* (2003) 107 Cal.App.4th 929, 937.) "A [criminal] defendant is entitled to competent representation at all times, including presentation of a new trial motion or motion to withdraw a plea." (*People v. Smith* (1993) 6 Cal.4th 684, 695 (*Smith*).) The right to counsel includes the right to effective assistance of counsel to fully investigate and advocate grounds for a motion to withdraw a plea. (*People v. Brown* (1986) 179 Cal.App.3d 207, 214; *People v. Garcia* (1991) 227 Cal.App.3d 1369, 1374-1375.)

If a defendant believes he or she is not receiving effective assistance from counsel, the defendant may move to have counsel discharged and new counsel appointed. (*Marsden*, *supra*, 2 Cal.3d at pp. 123, 125; *Smith*, *supra*, 6 Cal.4th at pp. 694-695.) When a defendant makes that motion, the trial court must hold a closed hearing and give the defendant an opportunity to explain the reasons for his or her request for new counsel. (*Marsden*, at pp. 123-125.) "[T]he trial court cannot thoughtfully exercise its discretion [to appoint substitute counsel] . . . without listening to [the defendant's] reasons for requesting a change of attorneys." (*Id*. at p. 123.) "When a defendant moves for substitution of appointed counsel, the court must consider any specific examples of

3

counsel's inadequate representation that the defendant wishes to enumerate. Thereafter, substitution is a matter of judicial discretion. Denial of the motion is not an abuse of discretion unless the defendant has shown that a failure to replace the appointed attorney would 'substantially impair' the defendant's right to assistance of counsel." (*People v. Webster* (1991) 54 Cal.3d 411, 435.)

Alternatively stated, when a defendant makes a *Marsden* motion, the trial court must "permit the defendant to articulate his [or her] causes of dissatisfaction and, if any of them suggest ineffective assistance, to conduct an inquiry sufficient to ascertain whether counsel is in fact rendering effective assistance. [Citations.] If the defendant states facts sufficient to raise a question about counsel's effectiveness, the court must question counsel as necessary to ascertain their veracity." (*People v. Eastman* (2007) 146 Cal.App.4th 688, 695.) Whether a *Marsden* motion is made before or after a defendant's conviction, "[t]he court must allow the defendant to express any specific complaints about the attorney and the attorney to respond accordingly." (*Smith*, *supra*, 6 Cal.4th at p. 694.)

A *Marsden* hearing is not a "full-blown adversarial proceeding, but an informal hearing in which the court ascertains the nature of the defendant's allegations regarding the defects in counsel's representation and decides whether the allegations have sufficient substance to warrant counsel's replacement." (*People v. Hines* (1997) 15 Cal.4th 997, 1025.) A defendant is not entitled to appointment of a second, independent attorney to assist him or her in making a *Marsden* motion. (*Hines,* at p. 1025.) "When a *Marsden* motion is granted, new counsel is substituted for all purposes in place of the original

4

attorney, who is then relieved of further representation.  If the *Marsden* motion is denied, at whatever stage of the proceeding, the defendant is not entitled to another attorney who would act in effect as a watchdog over the first."  (*Smith*, *supra*, 6 Cal.4th at p. 695.)

## II

### Alexander's Representation by Counsel
### During Hearing on Motion to Withdraw His Plea

Alexander contends the trial court violated his constitutional right to assistance of counsel when it heard, and denied, his motion to withdraw his guilty plea during the same hearing on his *Marsden* motion because the court, in effect, allowed him to represent himself even though it deemed him not competent to do so in denying his alternative motion for self-representation.

### A

At the beginning of Alexander's sentencing hearing, his counsel informed the trial court that Alexander wanted a *Marsden* hearing, might want to represent himself, and wanted to withdraw his plea.  Alexander informed the court he wanted to withdraw his plea because he was coerced by his counsel to accept it.  The court stated it would hold a *Marsden* hearing and believed that hearing would also address Alexander's grounds for his motion to withdraw his plea.

In a closed hearing outside of the prosecutor's presence, Alexander explained to the trial court that his counsel had told him he had no defense to the charged offenses, inadequately investigated his case, intentionally tried to get him a long prison term, and improperly threatened him with a maximum term of 17 years.  The court replied that the

5

maximum term he faced was 17 years in prison. Alexander's counsel responded to his client's assertions, stating there was no defense he could create because, after investigating the case, no witnesses provided an alibi defense refuting the evidence that showed Alexander committing the charged offenses. His counsel also stated he had never deliberately tried to get any of his clients a long prison term. When discussing the possible plea agreement with Alexander, his counsel had given him information regarding the range of sentences he might receive if he went to trial versus pleading guilty. His counsel stated that although he wanted Alexander to accept the plea offer, he did not "push" him to accept it.

The court stated Alexander's motion to withdraw his plea went "hand in hand" with his *Marsden* motion for new counsel. It stated: "Both basically [are] based on your assertion that you were coerced [into] taking a plea by your attorney and not provided adequate information . . . and[,] therefore, you had ineffective assistance of counsel when you agreed to enter your plea." The court noted the surveillance videotape showed the robbery perpetrators wearing distinctive clothing, and Alexander and his codefendant were caught one mile away wearing that same distinctive clothing. It noted that because there was no defense case, his counsel probably should have been pushing him to accept the plea offer. The court noted Alexander's counsel passionately argued on his behalf to persuade it to give him a 10-year term rather than the higher term sought by the prosecution. The court denied his motion to withdraw his plea, stating it would be unfair to the People and to him and there were no grounds for it. It then found Alexander had

6

"very effective assistance of counsel all along this process" and denied his *Marsden* motion for new counsel.

The court then addressed Alexander's motion to represent himself. The court noted it had granted his prior request to represent himself and he later requested reinstatement of his attorney. The court also stated his instant motion was not timely or in his best interest and, in any event, it did not believe he was competent to represent himself. The court explained Alexander appeared delusional regarding the strength of his case and in his belief his counsel was conspiring against him. It further explained he did not appear able to identify possible defenses, properly conduct himself during trial, examine witnesses, or present evidence. The court denied his request to represent himself. The court then concluded the closed hearing and proceeded with sentencing Alexander in open court.

B

The crux of Alexander's argument on appeal appears to be that he was wrongly deprived of representation by counsel during the hearing on his motion to withdraw his plea and, in effect, represented himself despite the trial court's finding he was not competent to do so. We disagree with his interpretation of what transpired during the hearing. Based on our review of the record, we conclude Alexander remained represented by his defense counsel throughout the entire closed hearing. Although his motion to withdraw his plea was heard together with his *Marsden* motion for new counsel and motion to represent himself, the court did *not*, at any point, discharge his counsel or grant Alexander the right to represent himself. Rather, his counsel continued to represent

7

him during all phases of that hearing, including the hearing of his motion to withdraw his plea, his *Marsden* motion, and his motion to represent himself.  Because the court never granted his *Marsden* motion or motion to represent himself, Alexander continued to be represented by his counsel throughout the hearing.  (*Smith*, *supra*, 6 Cal.4th at p. 695.)  His counsel would have been discharged and relieved of further representation of Alexander only if the court had granted either his *Marsden* motion or  motion to represent himself.  (*Ibid.*)

To the extent Alexander argues he, in effect, represented himself (even though he was not competent to do so) during the *Marsden* hearing because his counsel had a conflict in defending himself against allegations of ineffective assistance, the California Supreme Court implicitly rejected a similar argument in *Smith*.  In that case, the court stated:

> "It is true that when a defendant claims after trial or guilty plea that defense counsel was ineffective, and seeks substitute counsel to pursue the claim, the original attorney is placed in an awkward position.  The attorney must defend against charges from the very client he or she is supposed to be representing.  The potential for conflict is obvious.  But the same potential for conflict exists before trial as well.  And the conflict is unavoidable.
>
> "Unless we hold that a defendant may *never* obtain substitute trial counsel . . . or that a defendant may obtain substitute counsel on demand—both of which extremes were rejected in *Marsden*—then it is inevitable that counsel will be placed in a conflict position when a defendant requests substitute counsel, whether the request is before or after conviction."  (*Smith*, *supra*, 6 Cal.4th at p. 694.)

Although *Smith* recognized the inherent conflict defense counsel faces when a defendant makes a *Marsden* motion for new counsel on the ground of ineffective assistance, it is

8

implicit within *Smith*'s discussion that defense counsel nevertheless continues to fully represent the defendant during the hearing and thereafter unless, and until, the court grants the *Marsden* motion and discharges counsel.  Alternatively stated, the existence of a conflict for defense counsel in having to defend him- or herself against allegations of ineffective assistance does not result in any "temporary" discharge of counsel during the *Marsden* hearing.  (Cf. *People v. Sanchez* (2011) 53 Cal.4th 80, 89 [although *Smith* noted the difficulty for defense counsel to argue his or her incompetence, we did not suggest "it is impossible for counsel to do so"].)  Likewise, the fact that a defendant is given the opportunity during a *Marsden* hearing to explain the reasons he or she is seeking new counsel does not mean the defendant is representing him- or herself during that hearing.  Until such time as the court grants a *Marsden* motion and discharges a defendant's counsel (or, alternatively, grants a defendant's motion to represent him- or herself), defense counsel continues to represent the defendant during the *Marsden* hearing and thereafter.  Because the trial court in this case did not grant either Alexander's *Marsden* motion or motion to represent himself, he continued to be represented by his appointed counsel throughout the entire closed hearing.  Therefore, contrary to his assertion, Alexander *was*, in fact, represented by counsel during the hearing on his motion to withdraw his plea.

To the extent Alexander asserts the trial court denied him his right to assistance of counsel to represent him during the hearing on his motion to withdraw his plea because it found he was not competent to represent himself, that assertion is both unfounded and moot.  As we concluded above, the record shows he was, in fact, represented by his

9

defense counsel throughout the hearing. Therefore, at no point during the hearing did Alexander represent himself, whether competent or not to do so. Although the court found he was not competent to represent himself, that finding did not have the effect, as Alexander apparently argues, of having him represent himself during the hearing on his motion to withdraw his plea. *People v. Lightsey* (2012) 54 Cal.4th 668, cited by Alexander, is inapposite to this case and does not persuade us to reach a contrary conclusion. Contrary to his apparent assertion, the fact that a defendant is afforded the opportunity during a *Marsden* hearing to explain his or her reasons for requesting new counsel does not mean the defendant is, in fact, representing him- or herself during that hearing. Therefore, a defendant need not be competent to represent him- or herself in order to explain the reasons for a *Marsden* motion.

To the extent Alexander argues the trial court nevertheless should have appointed substitute, or "conflict," counsel to represent him in moving to withdraw his plea, the California Supreme Court has expressly disapproved of such a procedure. In *People v. Sanchez*, *supra*, 53 Cal.4th at page 90, the court stated:

> "[W]e specifically disapprove of the procedure adopted by the trial court in this case, namely, the appointment of a substitute or 'conflict' attorney solely to evaluate whether a criminal defendant has a legal ground on which to move to withdraw the plea on the basis of the current counsel's incompetence."

Alexander has not cited any case or other authority showing he was not represented by counsel during the hearing on his motion to withdraw his plea or that he was entitled to substitute or conflict counsel to represent him during that hearing. We conclude he has

not carried his burden on appeal to show he was denied his constitutional right to assistance of counsel during the hearing on his motion to withdraw his plea.[3]

DISPOSITION

The judgment is affirmed.


McDONALD, J.

WE CONCUR:


HALLER, Acting P. J.


IRION, J.

---

[3]    Because Alexander does not contend on appeal that the trial court abused its discretion in denying his motion to withdraw his plea, his *Marsden* motion, or his motion to represent himself, we need not, and do not, address those issues.